# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| Shaunte Walker, Individually and as mother of Kyle Dail Jr and Kymari Dail minor heirs of the Estate of KYLE DAIL SR., deceased,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF DALLAS, DALLAS POLICE DEPARTMENT, THOMAS HOFFMAN, Individually and as an agent and/or employee of DALLAS POLICE DEPARTMENT, NOAH HEMM, Individually and as an agent and/or employee of DALLAS POLICE DEPARTMENT, MICHAEL PIERING, Individually and as an agent and/or employee of DALLAS POLICE DEPARTMENT<br><br>　　　　Defendants. | Civil Action No. _____<br><br>JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiffs SHAUNTE WALKER, individually and as mother of KYLE DAIL JR AND KYMARI DAIL, minor heirs of the Estate of KYLE DAIL SR., complaining of Defendants CITY OF DALLAS, DALLAS POLICE DEPARTMENT, THOMAS HOFFMAN, NOAH HEMM, AND MICHAEL PIERING (collectively, "Defendants") and for cause would show the Honorable Court as follows:

## INDEX OF COUNTS

**Count I**- 42 U.S.C. § 1983 (Thomas Hoffman, Noah Hemm, Michael Piering)

**Count II**- Assault and Battery (Thomas Hoffman, Noah Hemm, Michael Piering)

**Count III**- Willful and Wanton—Wrongful Death (Thomas Hoffman, Noah Hemm, Michael Piering)

**Count IV**- 42 U.S.C. §§ 1983 and 1988/*Monnell* Policy Claim (City of Dallas and Dallas Police Department)

# I.
# NATURE OF THE ACTION

1. This is an action brought against the Defendants relating to their excessive and illegal use of force against Kyle Dail ("Kyle"), which resulted in his wrongful death. Acting under the color of law, Defendants acts and omissions violated Brooks' individuals rights under the Fourteenth Amendment of United States Constitution (the "Fourteenth Amendment") and, consequently, his civil rights. Plaintiff brings claims under 42 U.S.C. § 1983 ("Section 1983") and Texas common and statutory law.

2. Plaintiff alleges that Dallas Police Chief Eddie Garcia ("Chief Garcia") is, and was at all relevant times mentioned, the final policymaker for the Dallas Police Department, with the authority for setting policies, including training of the DPD Officers and staff. Chief Garcia had a duty, but failed to implement and enforce such policies, practices, and procedures for DPD that respected Dails' constitutional rights.

# II.
# PARTIES

3. Plaintiff Shaunte Walker is a citizen of the United States and is a resident of Dallas County, Texas.

4. The City of Dallas (the "City") is, and was at all relevant times mentioned, a municipality duly organized and existing under the laws of Texas. The Dallas Police Department ("DPD") is an official subdivision of the City. All individuals employed by DPD, are employees

of the City.

5. Further, the City is, and was at all times mentioned, engaged in: owning, operating, maintaining, managing and doing business as DPD and the business of public safety for the residents of Dallas. All of the acts and omissions complained of in this Complaint by Plaintiff against the officer Defendants Hoffman, Hemm, and Piering were done and performed by them individually and/or in their capacity as agents, servants and/or employees of the City and/or DPD, and at all relevant times they acted under the color of law. Moreover, the City and the policymaker ratified all of the acts of the officer Defendants for which this complaint is made.

6. The City of Dallas operates DPD. The City of Dallas funds and operates DPD, which along with The City of Dallas' City Council, and the mayor Dallas, Eric Johnson, and the City Manager TC Broadnax are responsible for the implementation for their departments' budgets, policies, procedures, practices, and customs, as well as the acts and omissions, challenged by this suit. The DPD is also responsible for preventative, investigative, and enforcement services for all citizens of Dallas.

7. The City may be served with citation herein by and through its agent for service of process, City Manager TC Broadnax, at 1500 Marilla 6A South, Dallas, Texas 75201.

8. Defendant Thomas Hoffman ("Hoffman"), upon information and belief, is employed in Dallas, Texas. At all relevant times, Hoffman was acting under color of law, that is, under the color of the statutes, ordinances, regulations, policies, customs, and usages of the Defendant City. Hoffman is being sued in his individual capacity and his official capacity as an employee of the Dallas Police Department. Hoffman may be served at the Dallas Police Department, 1400 S. Lamar St. FL 6 Dallas, Texas 75215 or wherever he may be found.

9. Defendant Noah Hemm ("Hemm"), upon information and belief, is employed in

Dallas, Texas. At all relevant times, Hemm was acting under color of law, that is, under the color of the statutes, ordinances, regulations, policies, customs, and usages of the Defendant City. Hemm is being sued in his individual capacity and his official capacity as an employee of the Dallas Police Department. Hemm may be served at the Dallas Police Department, 1400 S. Lamar St. FL 6 Dallas, Texas 75215 or wherever he may be found.

10. Defendant Michael Piering ("Piering"), upon information and belief, is employed in Dallas, Texas. At all relevant times, Piering was acting under color of law, that is, under the color of the statutes, ordinances, regulations, policies, customs and usages of the Defendant City. Piering is being sued in his individual capacity and his official capacity as an employee of the Dallas Police Department. Piering may be served at the Dallas Police Department, 1400 S. Lamar St. FL 6 Dallas, Texas 75215 or wherever he may be found.

### III.
### JURISDICTION AND VENUE

11. This Court has jurisdiction over the 42 U.S.C. §§ 1983 and 1988 claims raised in this Complaint, pursuant to 28 U.S.C. §§ 1331 and 1343(3). Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to adjudicate pendent claims arising under the laws of the State of Texas and seeks recovery under the Wrongful Death and Survival Statutes of the State of Texas as allowed by law.

12. Venue is appropriate in the Southern District of Texas under 28 U.S.C. § 1391 because Defendants reside, and the acts complained of arose, in the Southern District of Texas.

13. The amount of controversy exceeds $75,000 exclusive of interest and costs.

### IV.
### FACTUAL ALLEGATIONS

14. Plaintiffs incorporate and reallege herein by reference paragraphs 1 through 13, inclusive, as though set forth fully herein.

## A. MURDER OF KYLE DAIL

15. On or about July 27, 2022, Defendant DPD was allegedly investigating drug complaints at the LBJ Food Mart in the 13000 block of Jupiter Road near the Lyndon B Johnson Freeway. According to Dallas Police Chief Eddie Garcia at a July 29th press conference, that's when an unnamed undercover officer allegedly witnessed an unconfirmed Kyle Dail making hand-to-hand drug sales in the parking lot before leaving in a vehicle.

16. Garcia claims that unnamed officers followed the vehicle and allegedly saw a traffic violation, initiating a traffic stop around 10:25 p.m. in the 600 block of Skillman—but the vehicle didn't stop.

17. Police then tried to chase the driver with their vehicles and a helicopter, but they ended up losing the suspect.

18. According to Garcia, around 11:35 p.m. DPD officers allegedly saw the same vehicle back at the convenience store, then saw Kyle go inside the business.

19. Surveilance footage that was made available at the press conference shows Defendant Officers Hoffman, Hemm and Piering entering into the LBJ Food Mart and approaching Kyle from behind to take him into custody. Defendant officers failed to announce themselves to Kyle.

20. What is shown on camera is Kyle at the back of the convenience store getting a soft drink and putting a shirt on, while not posing a threat to anyone. As Kyle was pulling the shirt over his head, he was in a defenseless position. This was when the three Defendants accosted Kyle.

21. Immediately when Kyle was grabbed by the officers who failed to announce themselves, he was clearly startled. The officers began to struggle with Kyle still unannounced, escalating the interaction. They continued to ram Kyle's head into a soft drink dispenser and

sprayed him with mase. Kyle tried his best to comply with the commands of the defendants, but one of the defendants began punching him unnecessarily.

22. Kyle continued to verbalize his wish for the defendants to allow him to comply, but the officers only escalated tensions further.

23. As the struggle continued, Kyle who had a firearm in his pocket disarmed himself by tossing it out of frame of the camera.

24. On camera you hear an officer yell gun, and after the firearm was tossed several seconds pass and then you see Kyle be shot while he was unarmed. It was ultimately determined that the officer who shot Kyle was Defendant officer Hoffman. None of the other officers pulled their firearms and fired at Kyle.

25. After being shot, Kyle was unresponsive and was transported to a local hospital in critical condition. He later died at the hospital due to the gunshot wound he suffered at the hands of Defendant Officer Hoffman.

26. Neither of the Defendant Officers have been terminated.

**B. DEFENDANT OFFICERS TRAINING HISTORIES AND DPD GENERAL ORDERS**

27. Each of the Defendant Officers had under 5 years of service time at the time of Kyle's deadly encounter with them. Noah Hemm had service time of 3 years and 4 months. Thomas Hoffman had service time of 3 years and 4 months and Michael Piering had service time of 4 years and 4 months. [1]

28. Each officer completed the Basic Peace Officer Course at the Dallas Police Academy and had a combined 10,723 hours of training that consisted of total career/professional

---
[1] Exhibit 1. TCOLE Records for Defendants Hemm, Hoffman and Piering.

hours and total TCOLE Course Hours.

29. Of the combined 10,723 hours of training for the officers, only 4 of those hours were committed to training for racial profiling outside of the Basic Peace Officer Course.

30. Of the combined 10, 723 hours of training for the Defendant officers, only 4 of those hours were committed anti- bias training.

31. Of the combined 10,723 hours of training for the Defendant officers, only 3 of those hours were committed to implicit bias training.

32. Of the combined 10,723 hours of training for the Defendant officers, only 28 of those hours were committed to learning de-escalation techniques.

33. Section 313.02 of the DPD General Orders and the United States Constitution govern a Dallas Police Officers authority to arrest an US citizen.

34. Section 313.02 states that arrests will be made 1) when a warrant for arrest has been issued by a magistrate or court of law, 2) when arrest without a warrant is authorized under the laws of the United States, laws of the State of Texas, or the ordinances of the City of Dallas, and 3) when the arrest does not conflict with the Dallas Police Department General Orders or Standard Operating Procedures.

**EXCESSIVE FORCE BY DEFENDANTS (Individually and in Official Capacities)**

**COUNT I - 42 U.S.C. § 1983 (Hemm, Hoffman and Piering)**

Plaintiff re-alleges Paragraphs 1-34 of the Complaint.

35. This is an action for damages against Defendants Hemm, Hoffman, and Piering for deprivation of Dail's Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. §1983.

36. On July 26, 2022, Defendants Hemm, Hoffman, and Piering acted under color of state law and pursuant to the policy, custom, and/or usage of the Dallas Police Department and the

City of Dallas.

37. In the events alleged above, on or before July 27, 2022 Defendants Hemm, Hoffman, and Piering acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Dail of his rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments including the rights to be free from unreasonable search, seizure and excessive force by means of unwarranted threats, and the right to be free from unlawful detention and/or arrest by police officers acting under color of law.

38. Plaintiff would show that at all times material hereto, Defendants Hemm, Hoffman, and Piering had a duty to avoid infliction of unjustified bodily injury to Plaintiff, to protect his bodily integrity and to not trample on his constitutional rights.

39. By using deadly and excessive force described in this petition when it was not objectively reasonable to do so, Defendants Hemm, Hoffman, and Piering deprived Kyle Dail of his constitutionally protected right of life and liberty without due process of law.

40. The conduct, including the actions and omissions of the Defendants while in the course and scope of their employment was excessive and unreasonable, it was done intentionally, willfully, maliciously, and with deliberate indifference and reckless disregard for the natural probable consequences of his acts.

41. The actions of Defendants Hemm, Hoffman, and Piering were done without justification and no basis in policy or reasonable standards. Their actions were intentionally calculated and did cause serious physical and emotional pain and suffering and the death of Kyle Dail in violation of his constitutional rights protected under 42 USC § 1983 and the 4th and 14th Amendments to the United States Constitution including the right to be free from unreasonable search and seizure and the right to be free from the use of excessive, unreasonable, and unjustified

deadly force.

42. At all times, hereto, Defendants Hemm, Hoffman, and Piering were acting under color of law as DPD Officers.

43. Plaintiffs aver that at no time when Defendants Hemm, Hoffman, and Piering approached Kyle Dail did he present an imminent threat of danger or great bodily harm to anyone in the area.

44. Any reasonable law enforcement officer would know or should have known of these constitutionally protected rights at the time Hemm, Hoffman, and Piering approached Kyle Dail as they were clearly established and were or should have been a part of the officers' training.

45. As a direct and proximate result of the foregoing, Defendants Hemm, Hoffman, and Pieing, individually and as an agents and/or employees of the City and DPD, deprived Kyle Dail of his rights and privileges as a citizen of the United States, secured by the Fourteenth Amendment, and caused Kyle Dail to suffer injury and death, of which has caused the general damages requested by Plaintiff in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

46. The claims and causes of action for injuries to the health, reputation and person sustained by Kyle Dail are brought in this action pursuant to the Survival Act Texas Civil Practice and Texas Practice and Remedies Code § 71.021.

47. The claims and causes of action for the wrongful death of Kyle Dail are brought by heirs Kyle Dail Jr and Kymari Dail on behalf of themselves and all rightful heirs, pursuant to Texas Civil Practice and Remedies Code §§ 71.002-004.

### COUNT II – ASSAULT

Plaintiff re-alleges paragraphs 1-47 of the Complaint.

48. On or about July 27, 2022, Defendants Hemm, Hoffman, and Piering committed an assault upon Kyle Dail when they intentionally, knowingly, and/or recklessly shot Kyle Dail causing severe bodily injury and death.

49. On or about July 27, 2022, Defendants Hemm, Hoffman, and Piering committed an assault upon Kyle Dail when they intentionally, knowingly, and/or recklessly sprayed OC spray at Kyle Dail.

50. On or about July 27, 2022, Defendant Hemm, Hoffman, and Piering committed an assault upon Kyle Dail when they intentionally, knowingly, and/or recklessly used excessive force on Kyle Dail.

51. Defendants Hemm, Hoffman, and Piering were not privileged to take the action or use force, and such action was not necessary under the circumstances.

52. As a direct and proximate result of the foregoing, Defendants Hemm, Hoffman, and Piering individually as agents and/or employees of the City of Dallas and DPD, assaulted Kyle Dail, and Defendants Hemm, Hoffman, and Piering caused Kyle Dail to suffer injury and death, of which has caused the general damages requested by Plaintiffs in an amount in excess of the applicable jurisdictional limit, to be proven at trial.

53. The claims and causes of action for injuries to the health, reputation, and person sustained by Kyle Dail are brought in this action as an alternative pendent state law claim pursuant to Texas Penal Code section 22.01.

### COUNT III – WILLFUL AND WANTON –SURVIVAL (HEMM, HOFFMAN, PIERING)

Plaintiff re-alleges paragraphs 1-53 of the Complaint.

54. Prior to July 27, 2022, Defendants Hemm, Hoffman, and Piering did not possess

the adequate training to conduct the type of interaction they had with Kyle Dail.

55. Prior to July 27, 2022, the City of Dallas and DPD knew or should have known that Defendants Hemm, Hoffman, and Piering were not trained properly.

56. On July 27, 2022, Defendants Hemm, Hoffman, and Piering acted under color of law.

57. In the events alleged above, Defendants Hemm, Hoffman, and Piering acted contrary to law, and intentionally, willfully, wantonly, and unreasonably deprived Kyle Dail of his rights, privileges, and immunities secured by the U.S. Constitution and 42 U.S.C. § 1983.

58. The above-described acts and omissions by Defendants Hemm, Hoffman, and Piering demonstrated a deliberate indifference to and conscious disregard for the constitutional rights and safety of Kyle Dail. Defendants were not privileged in their actions, failed to follow proper police protocol and not violate Kyle Dail's 4th and 14th amendment rights.

59. As a result of Defendants Hemm, Hoffman, and Piering's violations of Kyle Dail's constitutional rights, Kyle Dail suffered substantial injuries, including but not limited to physical injury, pain and suffering, mental anguish, damages and, ultimately, death.

60. Kyle Dail exercised his rights, or attempted to do so, under the United States Constitution.

61. Defendants Hemm, Hoffman, and Piering deprived Kyle Dail of his rights guaranteed by the United States Constitution and federal statutes. Defendants Hemm, Hoffman, and Piering intentionally maced Kyle Dail violating his rights and intentionally shot him while blinded by mace and after he unarmed himself in violation of his Constitutional protected rights.

62. As a direct and proximate result of the foregoing, Defendants Hemm, Hoffman, and Piering individually and as an agents and/or employees of the City of Dallas and DPD, deprived

Kyle Dail of his rights and privileges as a citizen of the United States and Defendant caused Kyle Dail to suffer injury and death, of which has caused the general damages requested by Plaintiffs in an amount in excess of the applicable jurisdictional amount, to be proven at trial.

63. The claims and causes of action for injuries to the health, reputation and person sustained by Kyle Dail are brought in this action pursuant to the Survival Act, Texas Civil Practice and Remedies Code section 71.021.

**Count IV – 42 U.S.C. §§ 1983 and 1988/*Monnell* Policy Claim (The City)**

Plaintiff re-alleges paragraphs 1 through 84 of the Complaint.

85. The actions of Defendants, which resulted in Kyle Dail's death, were done pursuant to one or more interrelated *de facto* as well as explicit policies, practices and/or customs of the Defendant, City of Dallas and DPD.

86. Defendants City of Dallas and DPD, acting at the level of official policy, practice, and custom, with callous, conscious, unreasonable, and deliberate indifference to Kyle Dail's constitutional rights, authorized, tolerated, and institutionalized the practices and ratified the illegal conduct herein detailed. At all times material to this Complaint City of Dallas and DPD, its Boards, its Personnel Divisions, their agents and/or officials had interrelated *de facto* policies, and customs which include, *inter alia*:

   a. Utilizing or condoning the use of excessive force;

   b. Failing to properly train, supervise, discipline, transfer, monitor, counsel and otherwise control patrolmen and/or officers;

   c. Failing and refusing to correct, discipline, and follow up on the actions of Defendants Hemm, Hoffman, and Piering;

87. All the policies set forth above were adopted, implemented, supplemented,

reinforced, promulgated, and effected, as a further matter of custom, practice, and policy. Said policies were also a driving force in Roderick Brooks' death by means and failure of the City to hire, train, discipline and supervise DPD officers. By their deliberate indifference, Defendants City of Dallas and DPD implemented and encouraged policies, practices, and customs with deliberate indifference to the rights of citizens.

88. Said interrelated policies, practices, and customs, as set forth above, both individually and together, were maintained and implemented with deliberate indifference and were unreasonable; and encouraged, *inter alia*, the failure to adequately conduct investigatory detentions and lawful arrests.

89. As a direct and proximate result of the acts and conduct of Defendant, Kyle Dail suffered injury and death.

## DAMAGES

90. Defendants are jointly and severally liable for the wrongs complained of herein, either by virtue of direct participation or by virtue of encouraging, aiding, abetting, committing, and/or ratifying and condoning the commission of the above described acts and/or omissions.

91. Plaintiff and Plaintiff's Decedent suffered compensatory, special, and punitive damages for the following:

    a. Extreme mental anguish and emotional distress as a result of being physically assaulted, and battered by Defendants Hemm, Hoffman, and Piering;

    b. Extreme physical abuse, mental anguish and emotional distress as a result of the intentional infliction of emotional distress to which Defendants Hemm, Hoffman, and Piering subjected Kyle Dail;

    c. Violation of Kyle Dail's civil rights by Defendants Hemm, Hoffman, Piering, the City of Dallas and DPD; and

    d. Punitive damages for egregious acts and omissions of Defendants Hemm, Hoffman, Piering, the City of Dallas, and DPD.

    e. Plaintiff is entitled to attorney's fees for litigation of this matter; and

    f. Plaintiff requests and is entitled to a trial by jury.

## PRAYER FOR RELIEF

Kyle Dail Jr. and Kymari Dail, as heirs of the estate of Kyle Dail, deceased, prays that for judgment on his behalf and against all defendants jointly, severally and in solido, as follows:

    a. Compensatory, special, and punitive damages;

    b. Plaintiffs seek declaratory relief that Defendants violated Kyle Dail's rights under the U.S. Constitution and 42 U.S.C. § 1983;

    c. Judicial interest from date of judicial demand;

    d. Prejudgment and post-judgment interest as provided by law; and

    e. Such further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby requests a trial by jury.

Respectfully submitted,

**STAFFORD MOORE, PLLC**

/s/ *Justin A. Moore*
**Justin A. Moore**
State Bar No. 24088906
justin@staffordmoore.law
www.staffordmoore.law

**Paul K. Stafford**
State Bar No. 00791716
STAFFORD MOORE, PLLC
325 N. St. Paul Street, Suite 2210
Dallas, Texas 75201
Telephone (Main): (214) 764-1529
Telephone (Direct): (214) 764-1531
Facsimile: (214) 580-8104

*Attorneys For Plaintiff*

**PLAINTIFF'S ORIGINAL COMPLAINT** 15

27847456