IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHAUNTE WALKER, Individually and as mother of Kyle Dail Jr. and Kymari Dail minor heirs of the Estate of KYLE DAIL SR., deceased, | § § § § § | |
| Plaintiff, | § § | Civil Action No. 3:23-CV-0391-D |
| VS. | § § | |
| CITY OF DALLAS, et al., | § § | |
| Defendants. | § § | |

MEMORANDUM OPINION
AND ORDER

Following the dismissal on qualified immunity grounds of plaintiff Shaunte Walker's ("Walker's") claims brought pursuant to 42 U.S.C. § 1983 against three individual Dallas Police Department ("DPD") officers, the remaining defendant, the City of Dallas (the "City"), moves for summary judgment. Walker has not responded to the motion. For the reasons that follow, the court grants the City's motion and dismisses this action with prejudice by judgment filed today.

I

On July 27, 2022 DPD Officer Thomas Hoffman ("Officer Hoffman") shot and fatally wounded the decedent, Kyle Dail Sr. ("Dail"). Walker, individually and as the mother of the children and minor heirs of Dail's estate, filed the instant lawsuit against the City, Officer Hoffman, and two other DPD officers alleging claims under 42 U.S.C. §§ 1983 and

1988/*Monell*[1] for the alleged deprivation of Dail's constitutional rights. In *Walker v. City of Dallas* (*Walker III*), 2025 WL 391754 (N.D. Tex. Feb. 4, 2025) (Fitzwater, J.), the court granted summary judgment dismissing Walker's claims against Officer Hoffman and the other DPD officers (collectively, "DPD Officers") based on the defense of qualified immunity. The court held, *inter alia*, that Walker did not establish that the DPD Officers' use of force violated Dail's Fourth Amendment rights. *Id.* at *6, 9.

The City now moves for summary judgment on Walker's remaining claim, contending that there is no legal basis for municipal liability under § 1983 in the absence of an underlying constitutional violation. Walker has not responded to the City's motion, which is now ripe for determination.[2]

II

When, as here, the summary judgment movant will not have the burden of proof on a claim at trial, it can obtain summary judgment by pointing the court to the absence of evidence on any essential element of the nonmovant's claims. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the movant does so, the nonmovant must go beyond her pleadings and designate specific facts demonstrating that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per

---

[1]*Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658 (1978).

[2]The City filed its motion on April 22, 2025. Walker's response was due on May 13, 2025. *See* N.D. Tex. Civ. R. 7.1(e) ("A response and brief to an opposed motion must be filed within 21 days from the date the motion is filed.").

curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element of a claim renders all other facts immaterial. *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory where the nonmovant fails to meet this burden. *Little*, 37 F.3d at 1076.

III

The City moves for summary judgment on Walker's claim asserted against it, contending that, because the court in *Walker III* held that no underlying constitutional violation had occurred and determined that the DPD Officers were entitled to summary judgment on Walker's § 1983 claim against them, there is no basis for municipal liability as a matter of law.

A

A municipality is a "person" subject to suit under § 1983 under certain circumstances. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978). Although a municipality cannot be held liable simply on a theory of *respondeat superior*, *id*. at 691, it can be held liable if a deprivation of a constitutional right is inflicted pursuant to an official policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 579 (5th Cir. 2001). Municipal liability requires proof of three elements: "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Valle v. City of*

*Houston*, 613 F.3d 536, 541-42 (5th Cir. 2010) (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)); *see also Pena v. City of Rio Grande City*, 879 F.3d 613, 621 (5th Cir. 2018).

B

The court held in *Walker III* that Walker failed to create a genuine issue of material fact with respect to the question whether the DPD Officers' use of force violated Dail's Fourth Amendment rights. *Walker III*, 2025 WL 391754 at *6, 9. The City now contends that, because the court has already determined that no underlying constitutional violation occurred, there is no basis for municipal liability as a matter of law. The burden has therefore shifted to Walker to present evidence that creates a genuine issue of material fact. As noted, Walker has not responded to the City's motion. Although her failure to respond does not permit the court to enter a "default" summary judgment, *see, e.g.*, *Tutton v. Garland Independent School District*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.), "[a] summary judgment nonmovant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Moreover,

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Rule 56(e)(2), (3).

Because the City has pointed to the absence of evidence of a constitutional violation and Walker has not, in turn, produced evidence in response to the motion, the City is entitled to summary judgment dismissing Walker's action with prejudice.

\* \* \*

Accordingly, for the reasons explained, the court grants the City's motion for summary judgment and dismisses this action with prejudice by judgment filed today.

**SO ORDERED**.

May 21, 2025.

SIDNEY A. FITZWATER
SENIOR JUDGE

- 5 -